UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESMAN HERNANDEZ VARELA (A# 216-933-116),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CENTER ICE,<br>Respondent. | No. 1:26-cv-08534 TLN SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and native of Honduras who entered the United States without inspection on February 13, 2021, at the age of 16. ECF No. 6 at 8 (Form I-213, Feb. 14, 2021). Border Patrol Agents encountered Petitioner near Eagle Pass, Texas, and took him into custody. Id. Petitioner was subsequently transferred into the custody of the Office of Refugee Resettlement ("ORR") and transported to a juvenile facility in Kansas on February 19, 2021. Id. at 10. On April 22, 2023, immigration officials issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. S 1182(a)(6)(A)(i) (noncitizen present without admission or parole). ECF No. 6 at 12-15. On June 17, 2026, local law

enforcement arrested Petitioner for driving without a driver's license. ECF No. 6 at 4. Immigrations and Customs Enforcement ("ICE") encountered Petition in county jail and placed an immigration detainer. Id. ICE took Petitioner into custody on or around September 11, 2026. ECF No. 1 at 5.

Petitioner filed this petition on October 19, 2026, challenging, *inter alia*, his ongoing detention under the Due Process Clause of the Fifth Amendment (Count One, procedural due process). ECF No. 1 at 6. He seeks immediate release. Id. at 7. Respondent acknowledges that 8 U.S.C. § 1226(a) governs Petitioner's detention and maintains that he is "entitled to seek a custody redetermination hearing before an immigration judge." ECF No. 6.

## II. Legal Standard

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

## III. Due Process Analysis

The undersigned infers from the record the immigration officials processed Petitioner as an unaccompanied minor pursuant to the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").

> The detention of unaccompanied minor children is governed by the TVPRA, which does not mandate detention." R.D.T.M. II, 2025 WL 2686866, at *4. Instead, the TVPRA provides that "an unaccompanied alien child in the custody of the Secretary of Health and Human Services shall be promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(2)(A). If the unaccompanied child "reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(B). This can include placement with an individual or organizational sponsor, or in a supervised group home. Id.

F.S.S.M. v. Wofford, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *4 (E.D. Cal. Dec. 9, 2025). The record submitted by Respondent is silent as to Petitioner's immigration custody history in the period between his initial ORR placement at a juvenile facility in Kansas in February 2021 and his re-detention by ICE in September 2026. For example, it is not clear when Petitioner relocated to Florida, or whether the relocation was the result of a release to a sponsor pursuant to the TVPRA.

Nevertheless, numerous courts have found that where an unaccompanied minor is released by ORR, he obtains a liberty interest in his continued freedom, even after reaching adulthood. F.S.S.M., 2025 WL 3526671; P.A.H.E. v. Noem, No. 1:26-CV-01164-DJC-JDP, 2026 WL 451662, at *2 (E.D. Cal. Feb. 17, 2026); Sergio S.M. v. Noem, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206, at *3 (E.D. Cal. Dec. 31, 2025). As it is apparent from the limited record that Petitioner, now an adult, was not in ORR or DHS custody at the time of his re-detention, the undersigned is satisfied that he has a protected liberty interest in his continued freedom from detention. Accordingly, consistent with the Court's reasoning and rulings in substantively identical cases, the Mathews analysis shows that Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process. See F.S.S.M., 2025 WL 3526671, at *6 (finding that the petitioner, a former unaccompanied minor, was likely to prevail on procedural due process claim challenging his re-arrest with pre-

deprivation hearing before a neutral decisionmaker).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The assigned District Judge has identified post-deprivation remedies as a "special case" and appropriate only with the presence of mitigating circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *7 (E.D. Cal. Apr. 28, 2026). Because Respondent did not submit any evidence regarding Petitioner's arrest—e.g., the record does not indicate whether any charges are pending—and makes no specific argument as to why it warrants a post-deprivation remedy, the undersigned finds that release on any previous conditions of supervision is the appropriate remedy.

**CONCLUSION**

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count One (procedural due process).[1]

2. Respondents be ordered to IMMEDIATELY RELEASE Petitioner LESMAN HERNANDEZ VARELA (A# 216-933-116) on any conditions of supervision in place at the time of his re-arrest on or about September 11, 2026.

3. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondents be ordered to file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of any ordering adopting these findings and recommendations.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration

[1] In the interests of judicial economy, Petitioner's remaining claims are not addressed herein.

judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Immigration Processing Center; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE